■ REGEEN KIERNAN, Respondent, v THOMAS KIERNAN, Appellant. — Judgment of the Supreme Court, New York County (M. Zelman, J.), entered December 23, 1983, which awarded plaintiff the sum of $13,893.94 plus interest from September 15, 1979 on her first cause of action, and $5,057 for counsel fees on her second cause of action, modified, on the law and facts, to award plaintiff the sum of $2,311.52 plus interest from September 15, 1979 on her first cause of action, and otherwise affirmed, without costs.

Appeal from the order of the Supreme Court, New York County (M. Zelman, J.), entered December 14, 1983, is dismissed as subsumed in the appeal from the judgment entered December 23, 1983, without costs.

On May 26, 1970, plaintiff wife and defendant husband entered into a separation agreement which provided in pertinent part:

"6. (a) The Husband agrees to pay to the Wife for the maintenance and support of the Wife and the Children equal monthly installments at the rate of $4,000 per year ($333.33 per month), payable in advance, on the first day of each month, beginning on the first day of the month following the date hereof. The payments provided in this subparagraph (a) shall be subject to

adjustment upward and downward as provided in subparagraph (e) of this paragraph 6, but shall not be reduced in the event of the remarriage of the Wife * * *

"(e) Notwithstanding the provisions of subparagraph (a) of this paragraph, the Husband's obligations to pay for the maintenance and support of the Wife and the Children shall be subject to adjustment upward and downward, depending upon the adjusted gross income of the Husband for Federal Income Tax purposes as hereinafter provided. For the purposes of this Agreement, the Husband's gross income from his employment by the Philosophical Library Inc. during 1970 shall be deemed to be at the annual rate of $16,500 and a monthly rate of $1,375. If in any year, beginning with the calendar year 1970, the Husband's adjusted gross income exceeds, or is less than $16,500, then the payments to be made as provided in subparagraph (a) shall be increased or reduced in accordance with the following schedule:

| "Gross Income Brackets | Percentage of Gross Income Payable by Husband |
|---|---|
| "(i) In respect of that portion of adjusted gross income between nothing and $10,000. | 14% |
| "(ii) In respect of that portion of adjusted gross income in excess of $10,000 up to $16,500. | 40% |
| "(iii) In respect of adjusted gross income in excess of $16,500. | 20% |

"(f) Notwithstanding the provisions of subparagraph (e), the Husband shall not be required to pay more than $10,000 nor less than $1,000 pursuant to subparagraph (e)."

Thereafter, on June 2, 1970, the separation agreement was incorporated but not merged into a Mexican divorce decree. In 1974, plaintiff commenced an action to enforce by sequestration the support and maintenance provisions of the agreement; sought money judgment for arrears; and, based upon the altered financial circumstances of plaintiff and the children, sought an upward modification of child support so as to determine such support by defendant's gross income rather than the net income figure described in the separation agreement. The matter was

referred to a referee to hear and report and, by order entered April 13, 1977 in New York County, Justice Manuel Gomez confirmed the referee's report and ordered, *inter alia,* "that the defendant pay 10% of the first $24,000; 8% of the next $10,000 and 12% on the remainder for alimony and child support based on his *gross income,* with a minimum of a $150.00 payment in any month" (emphasis in original). There is no indication that this order was ever appealed.

Thereafter, on August 27, 1981, plaintiff commenced this action to recover arrears from May 1, 1975 through August 31, 1981 in the sum of $25,000 less $9,828 paid by defendant, leaving a balance due of $15,172. Plaintiff also sought counsel fees of $5,057.

Defendant moved to dismiss the complaint on the ground that the action was barred by the six-year Statute of Limitations governing actions on a contract and that Justice Gomez' April 13, 1977 order was res judicata. By order entered May 11, 1982, Justice Richard Lee Price granted that branch of defendant's motion relating to the Statute of Limitations, on consent of plaintiff, to the extent of dismissing that portion of the complaint which sought to recover arrears in alimony and child support prior to October 15, 1975, and denied the remaining branch of defendant's motion which sought dismissal on the grounds of res judicata, in that the prior action in question fixed arrears only as of April 1975.

Defendant then moved to renew his motion to dismiss the complaint and plaintiff cross-moved, *inter alia,* for entry of judgment on the first cause of action and an assessment of damages based upon defendant's failure to answer the complaint.

By order entered June 23, 1983, Justice Price denied defendant's motion to renew and granted plaintiff's cross motion "to the extent that judgment is allowed as to liability only (on both causes of action) and an assessment ordered on the issue of damages, at which defendant may appear and present tax returns and other evidence bearing upon amounts owed for particular years."

After inquest, Trial Term rendered the order appealed from which resulted in the entry of the judgment appealed from.

Trial Term's computations were incorrect because they did not apply the revised formula mandated by Justice Gomez' April 13, 1977 modification of the support provisions of the agreement, which was never appealed. Thus, defendant is collaterally estopped from contesting that modification and, to the extent that

Trial Term felt bound not to use the "modified formula" because its application had previously been rejected by Justice Price, it was incorrect.

In denying that part of defendant's motion which sought to dismiss the complaint on the basis of res judicata, Justice Price merely held that the prior action which culminated in Justice Gomez' order was to recover for arrears only as of April 1975.

Clearly, Justice Price's denial of that portion of defendant's original motion, as well as his renewal motion, was not intended to and did not in any way determine what formula was to be applied by Trial Term at the inquest. Since plaintiff has not cross-appealed and defendant does not contest Trial Term's first two computations for the periods October 15, 1975 to April 30, 1976 ($815.34) and May 1, 1976 to April 30, 1977 ($1,000), those should not be disturbed, particularly since they properly applied the original formula to defendant's adjusted gross income up until April 30, 1977, 17 days after Justice Gomez' modification.

Applying the modified formula to the remaining periods, the total of defendant's liability for support is $10,864.52.

Defendant does not contest Trial Term's finding that during the period in question he had paid plaintiff $8,553 (which figure was supported at the inquest by defendant's canceled checks in that amount).

Thus, defendant was liable on the first cause of action for $2,311.52 in support and alimony arrears plus 6% interest from September 15, 1979, the midway point in the period chosen by the court. That date is uncontested by defendant and is reasonable under the circumstances.

As to the second cause of action for counsel fees, defendant acknowledges that paragraph 10 of the agreement provides that the party determined to have been primarily at fault shall bear the costs of the proceeding, including the reasonable fees of the other party's counsel. Thus, Trial Term's award of $5,057 for plaintiff's counsel fees is reasonable and there was a sufficient basis in counsel's testimony at the inquest for such award. Concur — Sullivan, J. P., Asch, Bloom and Kassal, JJ.